## Scott *v.* Barnes.

A reference of all matters in controversy is confined to the particular claims recited in the agreement, and does not authorize an award of a sum in favour of the defendants, there being no cross-demand mentioned in the agreement for a reference.

An action on an award may be brought before a justice.

In error from the Common Pleas of Green.

*Nov.* 3. Debt on award, and case stated. Barnes as executor of Scott, and David Scott, sealed an agreement as follows : " Whereas David Scott has claims *against* his father's estate *for moneys paid for him,* for *labour done,* for *property sold* to him, &c. Now we, the parties hereto, desirous of closing the matter with as little hard feeling and expense as possible, hereby agree to refer all matters in controversy to, &c., whose decision, or that of a majority of them, to be a final award between the parties—each party reserving all legal points."

The referees awarded $21 26 to defendants, with costs. An action was brought on this award before a justice, and judgment given for $47 48, debt and costs awarded. On appeal, the pleas were "*coram non judice ;* that the arbitrators exceeded their authority ; no award, and *nil debet.*"

These facts were then submitted as a case stated, and judgment given for the plaintiff for the amount recovered before the justice. That the arbitrators had no authority to award for defendant ; the justice had no jurisdiction, and that costs could not be recovered, since their amount had not been stated by the arbitrators, were the errors assigned.

*Beech*, for plaintiff in error, on the first point cited Hewitt *v.* Furman, 16 Serg. & Rawle, 135. On the last point, he argued that an award, being in the nature of a judgment, (Rank *v.* Hill, 2 Watts & Serg. 56,) and the justice having no jurisdiction in actions on judgments, (Eason *v.* Smith, 8 Serg. & Rawle, 343 ; Wilson *v.* Long, 12 Serg. & Rawle, 58,) even though recovered before a justice in another state, (Ellsworth *v.* Barstow, 7 Watts, 314,) the judgment appealed from was *coram non judice*. On the question of costs, he cited Buckley *v.* Ellmaker, 13 Serg. & Rawle, 71.

*Howell*, contrà, contended that, under Hewitt *v.* Furman, *ut sup.*, the submission covered all matters in controversy. On the question of jurisdiction, he cited Weidimor *v.* Drissel, 1 Yeates, 77 ; Grace *v.* Sutton, 5 Watts, 540 ; Harris *v.* Hayes, 6 Binn. 422.

*Nov.* 9. PER CURIAM.—The words "all matters in controversy" would extend to mutual demands if they stood alone ; but, as they must be understood as referring to the subject matter expressed by the parties themselves, they are restrained by the context. They introduce the submission by reciting that "David Scott has claims against his father's estate," without saying a word about counter-claims ; and proceed by saying, that, being desirous of "closing the *matter* with as little hard feeling and expense as possible, they hereby agree to refer all matters in controversy" to arbitrators. What matter ? Expressly the matter of the son's claim, and no other. Had it been pretended that the executor had a cross-demand, it would surely have been inserted as distinct matter of adjudication. By the terms of the submission, therefore, it appears that the matters in controversy were understood to

be the claims of the son, and the award is consequently broader than the submission. The objection to the jurisdiction of the justice, however, is unfounded.

Judgment reversed.